```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------x        15-CR-142(EAW)
UNITED STATES OF AMERICA,

vs.
                                    Rochester, New York
EDGAR DEKAY, II,                    May 9, 2019
              Defendant.            8:15 a.m.
---------------------------x
```

**SENTENCING**


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE ELIZABETH A. WOLFORD
UNITED STATES DISTRICT JUDGE



JAMES P. KENNEDY JR., ESQ.
United States Attorney
  BY:  JOSEPH M. TRIPI, AUSA
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202


FOR DEFENDANT:      VILLARINI & HENRY LLP
                    BY:  DANIEL J. HENRY, JR., ESQ.
                    16 Main Street
                    Hamburg, New York 14075




COURT REPORTER:     Diane S. Martens, FCRR
                    dimartens55@gmail.com

US v. Dekay – 15-CR-142

| | |
|---|---|
| 1 | |
| 2 | **P R O C E E D I N G S** |
| 3 | |
| 4 | (Open court, defendant present.) |
| 8:15AM    5 | **THE CLERK:**  United States versus Edgar Dekay, |
| 6 | 15-CR-142.  We're here for a sentencing. |
| 7 | Counsel, please state your appearances for the |
| 8 | record. |
| 9 | **MR. TRIPI:**  Joseph Tripi for the United States. |
| 8:15AM    10 | Good morning. |
| 11 | **THE COURT:**  Good morning. |
| 12 | **MR. HENRY:**  Daniel Henry on behalf of Mr. Dekay. |
| 13 | **THE COURT:**  Good morning, Mr. Henry. |
| 14 | We have Officer Murray from probation. |
| 8:15AM    15 | And, for the record, you are Edgar Dekay? |
| 16 | **THE DEFENDANT:**  Yes, sir. |
| 17 | **THE COURT:**  You're represented here today by Mr. |
| 18 | Henry? |
| 19 | **THE DEFENDANT:**  Yes, your Honor. |
| 8:15AM    20 | **MR. HENRY:**  Your Honor, approximately maybe three |
| 21 | or four weeks ago, he had his jaw fractured in the facility |
| 22 | where he's at.  So he's having a very difficult time |
| 23 | speaking.  I just want to let the Court know. |
| 24 | **THE COURT:**  Are you prepared to go forward with |
| 8:16AM    25 | sentencing? |

US v. Dekay – 15-CR-142

8:16AM  1      **THE COURT:**  One of the things that will happen

2      during the sentencing, Mr. Dekay, is I'll ask you if there's

3      anything that you want to say.  Are you going to be able to

4      speak?

8:16AM  5      **THE DEFENDANT:**  Not really.

6      **MR. HENRY:**  And he's basically expressed to me what

7      he would like me to say to you.

8      **THE COURT:**  Do you want to go forward with the

9      sentencing, though, Mr. Dekay, because if you asked me to

8:16AM  10     adjourn this to a time where you were able to speak, I

11     certainly would be willing to do that.

12     **THE DEFENDANT:**  I want to go forward with this.

13     **THE COURT:**  You want to go forward with it?

14     **THE DEFENDANT:**  Yeah.

8:16AM  15     **THE COURT:**  Very good.

16     So, with that, Mr. Dekay, I'm going to identify on

17     the record what I have received.  I have the revised

18     presentence report dated March 12th, 2019.  I have the

19     government's statement with respect to sentencing factors

8:17AM  20     that was filed at docket 1405.  I have the government's

21     notice of non-filing of motion filed at docket 1414.  I have

22     the defendant's sealed sentencing memorandum filed at docket

23     1705.

24     And then Ms. Trott obviously was previously

8:17AM  25     representing Mr. Dekay and she submitted to the Court a

US v. Dekay – 15-CR-142

| | | |
|---|---|---|
| 8:17AM | 1 | number of letters that I was assuming, Mr. Henry, the defense |
| | 2 | still wanted me to consider in connection with sentence? |
| | 3 | **MR. HENRY:** Yes, your Honor. |
| | 4 | **THE COURT:** So I'm going to identify those on the |
| 8:17AM | 5 | record. A February 14, 2019, letter from Anthony Deloniak; |
| | 6 | March 1, 2019, letter from Aubrey Dekay; March 1, 2019 letter |
| | 7 | from Riley Dekay; September 18, 2018, letter from Megan |
| | 8 | Dekay; September 29, 2017, letter from Marie Dekay; |
| | 9 | September 11, 2018, letter from Marie Dekay; October 1, 2017 |
| 8:18AM | 10 | letter from Susan Segata, January 23, 2018, letter from Karen |
| | 11 | Reilly; September 18, 2017, letter from Amy Dekay; |
| | 12 | February 26th, 2018, letter from Jordan Cephalee, an undated |
| | 13 | letter from Letocia Austin; an undated letter from Eugene |
| | 14 | Misocchio; undated letter from Leon Tringalli; September 13, |
| 8:18AM | 15 | 2018, letter from Keith Elcissor; undated letter from Charles |
| | 16 | Picard; March 7, 2018, letter from Greg Schuchman; August 1, |
| | 17 | 2018, letter from Andrew Geltzer; May 5, 2018, letter from |
| | 18 | Anthony Sicspizar, and then also there were various |
| | 19 | certificates regarding programs that Mr. Dekay participated |
| 8:19AM | 20 | in during his incarceration that were submitted, as well. |
| | 21 | So I guess I'll start with the government first. |
| | 22 | Was there anything that I missed that was submitted in |
| | 23 | connection with sentencing? |
| | 24 | **MR. TRIPI:** No, Judge, I think you got everything. |
| 8:19AM | 25 | **THE COURT:** Can you confirm for me, Mr. Tripi, that |

US v. Dekay – 15-CR-142

8:19AM 1  the government received the presentence investigation report?

2         **MR. TRIPI:**  We did.

3         **THE COURT:**  And does the government have any

4  objections to the report?

8:19AM 5         **MR. TRIPI:**  We do not have any objections, although

6  I do note in Paragraph 40 there's a reference to a Flip in

7  terms of people he --

8         **THE COURT:**  I saw that.

9         **MR. TRIPI:**  In looking at it today, I'm not sure if

8:19AM 10  if that should have read Filly.  It's nothing to object to.

11  I'm not sure if it was a typo or misspeak or whatever.

12         **THE COURT:**  I saw that because that wasn't my

13  recollection.

14         **MR. TRIPI:**  Correct.

8:19AM 15         **THE COURT:**  That the defendant persuaded Greg

16  Willson to leave.  I think it was the defendant left with Fil

17  Caruso.

18         **MR. TRIPI:**  That was my understanding and that's

19  what I believe was intended by that statement in the

8:20AM 20  acceptance of responsibility section.

21         **THE COURT:**  Okay.  Thank you.

22         Mr. Henry, I guess, first of all, with respect to

23  that reference in Paragraph 40, was it supposed to be Filly?

24         **MR. TRIPI:**  Fili is Filip Caruso and Flip is Greg

8:20AM 25  Willson.

US v. Dekay – 15-CR-142

8:20AM    1              (**WHEREUPON**, a discussion was held off the record.)

2             **MR. HENRY:** It should be Fili.

3             **THE COURT:** I don't think it makes a difference for

4 purposes of sentencing.

8:20AM    5             **MR. TRIPI:** It doesn't. I just wanted to note

6 that.

7             **THE COURT:** Mr. Henry, was there anything that was

8 submitted in connection with sentencing that I missed?

9             **MR. HENRY:** Not that I'm aware of, your Honor. I

8:20AM   10 think you're accurate with everything.

11             **THE COURT:** Ms. Trott had previously right before

12 the last sentencing submitted some materials. I did not

13 consider those in connection with sentencing.

14             **MR. HENRY:** That's fine, that's correct, Judge.

8:21AM   15             **THE COURT:** And, Mr. Henry, can you confirm for me

16 that you received the presentence investigation report?

17             **MR. HENRY:** I did, your Honor.

18             **THE COURT:** Did you review it with Mr. Dekay?

19             **MR. HENRY:** Yes, I did.

8:21AM   20             **THE COURT:** Mr. Dekay, can you confirm for me that

21 you went over the presentence investigation report?

22             **THE DEFENDANT:** Yes, ma'am.

23             **THE COURT:** And, Mr. Henry, are there any

24 objections to the presentence investigation report?

8:21AM   25             **MR. HENRY:** None other than what we just talked

US v. Dekay – 15-CR-142

8:21AM  1    about.

2             **THE COURT:**  Fair enough.  The defense is ready to

3    move forward?

4             **MR. HENRY:**  We are.

8:21AM  5    **THE COURT:**  Does the government move to sentence

6    the defendant?

7             **MR. TRIPI:**  We do, your Honor.

8             **THE COURT:**  Is there anything that you would like

9    to say, Mr. Tripi, before I sentence the defendant?

8:21AM 10    **MR. TRIPI:**  No, your Honor.  I'd rely on the record

11   before the Court.  The presentence report, as the Court is

12   aware, Mr. Henry has asked for the low end of the Guideline

13   range.  The government agreed in the plea agreement not to

14   take a position in terms of the specific sentence within the

8:21AM 15   Guideline range determined by the Court.  Of course, we are

16   asking for a Guideline sentence but that's all I have to say.

17            **THE COURT:**  Thank you, Mr. Tripi.

18            **MR. TRIPI:**  Thank you.

19            **THE COURT:**  Mr. Henry, anything that you would like

8:21AM 20   to say on behalf of your client before sentencing?

21            **MR. HENRY:**  Yes, your Honor.

22            Judge, in reviewing this case and in talking with

23   Mr. Dekay, he's expressed to me, and I think it's reflected

24   in the presentence reported, that he's fully accepted his

8:22AM 25   responsibility in this case.  He described how he became

US v. Dekay – 15–CR–142

8:22AM  1  involved with the Kingsmen Motorcycle Club.  It was at a time

2  when he lost his father.  He was coming off of a bad divorce

3  and he was looking for something to fill that void.

4       He fully acknowledges that he involved himself with

8:22AM  5  some activities that has now placed him before this Court and

6  he's very sorry for what he's done.  He's expressed his

7  remorse to me and for the pain and hurt that he may have

8  caused people because of his actions and his involvement

9  which has placed him before this Court.

8:22AM  10       He has no prior criminal convictions, Judge, other

11  than a driving while alcohol impaired violation from November

12  of 2005.  He's married.  He has three children, two with his

13  present wife and one from a previous relationship.

14       **THE COURT:**  The PSR says that the daughter from a

8:23AM  15  previous relationship is 2 years old but Mr. Dekay has been

16  in custody since March of 2016.

17       **MR. HENRY:**  I saw that, too, and I didn't

18  understand how that came about.

19       **THE COURT:**  I'm assuming she's older than 2 or is

8:23AM  20  she 2?

21       **THE DEFENDANT:**  She's older than 2, that's correct.

22       **MR. HENRY:**  I saw that, and I started doing the

23  math, too, and it didn't make sense.

24       **THE COURT:**  Okay.

8:23AM  25       **MR. HENRY:**  But in regard to that, Judge, with the

8:23AM   1  relationship, he does have the three children.  They're all

         2  very supportive of him.  His wife, his mother's present in

         3  the courtroom today.  She's very supportive of him.  He does

         4  have the family support background.  Mr. Dekay does have a

8:23AM   5  chemical dependency issue.  While incarcerated at the Niagara

         6  County Jail, Judge, he did participate in a four-month

         7  treatment program through Northpoint Council and he'd very

         8  much like to participate in the residential drug abuse

         9  program offered through the Bureau of Prisons and I think

8:23AM  10  that would benefit him very much, if the Court would consider

        11  that recommendation.

        12          I have submitted my sentencing memorandum to the

        13  Court.  I know the Court has reviewed it, as indicated, and

        14  has carefully considered everything that I've submitted in

8:24AM  15  determining what would be the appropriate sentence in this

        16  case.

        17          Your Honor, I'm respectfully asking the Court to

        18  consider and ask for the low end of the sentencing Guideline

        19  range.

8:24AM  20          I'm asking the Court to recommend to the Bureau of

        21  Prisons to allow him to attend and participate in the

        22  residential drug program, the RDAP program, and also I would

        23  ask, Judge, that if the Court can recommend that he be placed

        24  in either of the following facilities, either FCI Allenwood,

8:24AM  25  FCI Loretto or FCI McKean.  Those are all most closest to his

US v. Dekay – 15-CR-142

8:24AM 1    present western New York residence.

2                In regard to his medical situation with his jaw,

3    Judge, I would just kindly ask if you could make a

4    recommendation that he get the appropriate medical care while

8:24AM 5    at the Northeast facility.  They did finally have him see a

6    oral surgeon but after that, nothing's been done and I would

7    just ask if you could make a note of that that whatever

8    facility he is placed in, if they can make a proper diagnosis

9    and administer the proper care needed.

8:25AM 10               Thank you, Judge.

11               **THE COURT:**  Thank you, Mr. Henry.

12               Mr. Dekay, the law allows you to address me before

13    I sentence you.  Is there anything you'd like to see?

14               **MR. HENRY:**  Judge he's expressed to me again his

8:25AM 15    sincere remorse.  He knows he's placed many people in

16    difficult situations, his family, the victims, or

17    complainants in this case.  He's very sorry for what he did.

18    He wants to move on with his life.  He has his family and he

19    feels he can be a productive individual in society once he

8:25AM 20    completes whatever sentence the Court imposes and he just

21    wants the Court to know how remorseful he is and that he does

22    fully accept his responsibility.

23               **THE COURT:**  Okay, thank you, Mr. Henry.

24               I am prepared to sentence you, Mr. Dekay.  In that

8:26AM 25    regard, as I've indicated, I've had an opportunity to review

US v. Dekay – 15-CR-142

8:26AM 1     the presentence investigation report dated March 12, 2019, as

2     well as all the other submissions to which I previously

3     referred.

4             I've carefully reviewed all of those submissions.

8:26AM 5     I've listened carefully to all of the comments that have been

6     made here in Court today.

7             So, you stand before me, Mr. Dekay.  You're 38

8     years old and you're being sentenced, after pleading guilty

9     to two separate counts in the second superseding indictment

8:26AM 10     in this case, Count 1 charged a RICO conspiracy in violation

11     of 18 U.S.C. Section 1962(d).  The maximum sentence that can

12     be imposed for that crime is 20 years in prison; a $250,000

13     fine; and up to 3 years of supervised release.

14             And then Count 40 charged possession of a firearm

8:26AM 15     in furtherance of a drug trafficking crime, in violation of

16     18 United States Code Section 924(c)(1)(A).  There's a

17     mandatory minimum sentence of 5 years consecutive to any

18     other sentence that must be imposed for that crime.  I

19     could impose up to life; up to a $250,000 fine; and then up

8:27AM 20     to 5 years of supervised release.

21             Now, on December 14, 2016, you appeared before me

22     and you pled guilty and your plea was by way of a written

23     plea agreement pursuant to Rule 11(c)(1)(B) of the Federal

24     Rules of Criminal Procedure and what that meant was your plea

8:27AM 25     was entered into with the understanding and appreciation that

US v. Dekay – 15-CR-142

8:27AM 1   it could not be taken back.  The calculations and

2   recommendations set forth in the plea agreement were not

3   binding on me.  I could impose up to the maximum allowed

4   under the law.

8:27AM 5        You and the government agreed that an appropriate

6   range under the Sentencing Guidelines was 123 months to 138

7   months in prison and that neither of you would argue for a

8   sentence outside that range.

9        As I explained at the time of your plea, sentencing

8:28AM 10   in this action is pursuant to the Sentencing Reform Act of

11   1984.  In deciding on a reasonable and appropriate sentence,

12   I have a responsibility to impose a sentence that is

13   considered sufficient, but not greater than necessary, to

14   comply with the objectives of sentencing set forth at 18

8:28AM 15   United States Code, Section 3553(a).

16        Mr. Henry has indicated that he received a copy of

17   the presentence investigation report and reviewed it with

18   you.  You've told me that you went over it with your

19   attorney.  There have been no objections to the presentence

8:28AM 20   investigation report and, therefore, I'm going to adopt the

21   statements that are contained in that report as my findings

22   of fact.

23        Now the Sentencing Guidelines are no longer

24   mandatory but they're considered advisory and they're the

8:28AM 25   first step that I have to go through before I impose a

US v. Dekay – 15-CR-142

8:28AM  1   sentence.  And I do find that the calculations and

2   recommendations set forth in the presentence investigation

3   report are, in fact, correct.  So, what that means is for the

4   predicate act involving running or managing a drug

8:29AM  5   establishment, attempt or conspiracy for the reasons set

6   forth in Paragraph 47 of the presentence investigation

7   report, there's a base offense level of 22 that applies to

8   that predicate act.

9          For the predicate act involving the aggravated

8:29AM  10  assault on a former Kingsmen member on September 21, 2012,

11  for the reasons set forth in Paragraph 53 of the presentence

12  investigation report, there is a base offense level of 21.

13         For the Springville shutdown, September –– June 7,

14  2013, for the reasons set forth in Paragraph 59, there's a

8:29AM  15  base offense level of 26.

16         For the August 3, 2013, aggravated assault of

17  victim, there's a base offense level of 21 for the reasons

18  set forth in Paragraph 65 of the presentence investigation

19  report.  There's groupings that occur with respect to these

8:30AM  20  predicate acts as explained in further detail in Paragraph 71

21  of the presentence investigation report whereby the predicate

22  acts are –– or the grouped predicate acts are assigned units.

23  You take the greater of the adjusted offense levels, which is

24  the 26 from the Springville shutdown, you add 3 to that and

8:30AM  25  that results in a combined adjusted offense level of 29.

US v. Dekay - 15-CR-142

8:30AM   1    This is, I should state, all with respect to Count 1, the
         2    RICO conspiracy.
         3            I do find that you've accepted responsibility for
         4    your conduct, Mr. Dekay.  So, therefore, pursuant to 3E1.1(a)
8:31AM   5    and 3E1.1(b), there's a 3 level reduction in that offense
         6    level.  That means your total offense level for Count 1 is a
         7    26.
         8            For Count 40, 2K2.4(b) of the Sentencing Guidelines
         9    applies and that means that the Guideline term of
8:31AM  10    imprisonment is 5 years, to be served consecutive to all
        11    other counts of conviction.
        12            In addition to the offense levels, your Criminal
        13    History Category based on the criminal convictions that are
        14    set forth in Paragraph 83 of the presentence investigation
8:31AM  15    report, that just one point which means you have a Criminal
        16    History Category of I.
        17            So, for Count 1 with an offense level of 26,
        18    Criminal History Category of I, the Sentencing Guidelines at
        19    least would recommend a prison sentence of 63 to 78 months in
8:32AM  20    prison; 1 to 3 years supervised release.
        21            For Count 40, the second count of conviction, the
        22    Sentencing Guidelines would recommend 5 years consecutive to
        23    Count 1; supervised release term of 2 to 5 years that's an
        24    aggregate recommended punishment for Count 1 and Count 40
8:32AM  25    exactly what was calculated in the plea agreement, 123 months

US v. Dekay – 15-CR-142

8:32AM   1   to 138 months in prison.

         2          The recommended fine range is $25,000 up to

         3   $250,000.  In addition to the Sentencing Guidelines, I've

         4   also considered all the other factors set forth in 18 U.S.C.

8:32AM   5   Section 3553(a) to determine a sentence that is sufficient,

         6   but not greater than necessary, to comply with the objectives

         7   of sentencing set forth in that statute.

         8          I've considered the nature and circumstances of

         9   your crime; your history and characteristics; your background

8:33AM  10   as fully set forth in the presentence investigation report.

        11   It's set forth in the materials submitted to me.  Your father

        12   was an alcoholic and his death in September of 2005, I think

        13   clearly impacted your family.

        14          You're married with twin daughters, and I accept

8:33AM  15   the notion, Mr. Dekay, that you joined the Kingsmen looking

        16   to belong -- looking for some kind of a family environment.

        17   You're not unusual in that regard.  Many of the defendants

        18   who have either been sentenced by me or even those who

        19   testified at trial that weren't necessarily charged seems to

8:33AM  20   be what drove many of these individuals to join this

        21   motorcycle club which would all be fine and good if the club

        22   hadn't engaged in violent activity.

        23          And you were an integral part of that violent

        24   activity.  You were the president of the Nomads for a period

8:34AM  25   of time.  You were president of the North Tonowanda Chapter

US v. Dekay – 15-CR-142

8:34AM  1    for a period of time.  You were involved in this driveby

2    shooting to retaliate back in September 21, 2012.  Although

3    you were not present for the Springville shutdown, you were

4    involved in that incident and are held accountable for that

8:34AM  5    incident in June of 2013.

6            You were involved in the driveby shooting in August

7    of 2013.  There's drug dealing, possession of firearms.  It

8    shouldn't be shocking to anybody, frankly, that the ultimate

9    of this violence ended up culminating in these execution

8:34AM  10   style murders of Paul Maue and DJ Szymanski.

11           I'm not suggesting that you had anything to do with

12   the planning of that but you were involved in an

13   organization.  You were involved in violent activity where

14   these members were running around with no concern about the

8:35AM  15   law or lawful activity and thinking that you were untouchable

16   to some regard and that you could just engage in this kind of

17   drug dealing and illegal activity and violent activity and

18   either it wasn't going to catch up with you from the criminal

19   justice standpoint and that nobody was going to end up being

8:35AM  20   seriously injured as a result.

21           As we know, at least two individuals lost their

22   lives as a result of this.  After you left the Kingsmen

23   Motorcycle Club, you joined another motorcycle club.  I know

24   in your acceptance of responsibility part of the presentence

8:35AM  25   investigation report, you claim that the narcotic column city

US v. Dekay – 15-CR-142

8:35AM  1   Nomads and the Outlaws are just peaceful organizations.

2   I have to tell you, having sat through a four-month

3   trial listening to the activities that these motorcycle clubs

4   engage in, not just the Kingsmen Motorcycle Club, but other

8:36AM  5   motorcycle clubs, I find that very difficult to believe.  I

6   think that these organizations do perpetuate a culture of

7   violence and when these individuals act in large numbers and

8   act as groups, it gives you more, I think, bravado, so to

9   speak, to think that you can engage in this kind of activity

8:36AM  10   and not end up being held responsible for it.

11   And the reality is that these organizations are

12   very dangerous.  They're organized crime.  The Kingsmen

13   Motorcycle Club clearly was an organized criminal outfit and

14   they presented a large threat to its members, to other

8:37AM  15   motorcycle club members and to the community.

16   I reviewed the information in the presentence

17   investigation report about your substance abuse issues.  I

18   agree with your attorney, as well, that you have collateral

19   consequences from this conviction, no question about it.

8:37AM  20   I've considered the need for the sentence imposed

21   to reflect the seriousness of the offense, promote respect

22   for the law, provide just punishment for the offense, afford

23   adequate deterrence to criminal conduct, protect the public

24   from any further crimes that you might commit; the need to

8:37AM  25   provide you with any needed educational or vocational

US v. Dekay – 15-CR-142

8:37AM 1   training, medical care or other correctional treatment in the

2   most effective manner, as well as the kinds of sentences

3   available; the need to avoid unwarranted sentence disparities

4   among defendants with similar records who have been found

8:38AM 5   guilty of similar conduct.

6           Most of the defendants who have been sentenced in

7   this case have been sentenced to Guideline sentences.  And

8   most of them have either been at the low end of the range or

9   in the mid-range.  The reality is that for a number of

8:38AM 10   reasons, I think only three defendants who have been

11   sentenced to date have received sentences in excess of 10

12   years in prison.  That would be Mr. Pirk, Mr. Jenkins and

13   Mr. Willson.  I don't believe any of the other defendants

14   have been sentenced to more than 10 years in prison.

8:38AM 15           I don't know, Mr. Tripi, if you --

16           **MR. TRIPI:**  I think that's correct, Judge.

17           **THE COURT:**  And I do appreciate the fact,

18   Mr. Dekay, as I look at the Guideline calculations in this

19   case, it's a significant period even at the low end of the

8:38AM 20   range.  I think a Guideline sentence is appropriate based on

21   your conduct and my consideration of all the 3553(a) factors.

22   But I also think a sentence at the low end of the range is

23   appropriate.

24           And, so, therefore I will impose the sentence that

8:39AM 25   your attorney urged which is the 123 months in prison.  I

US v. Dekay – 15-CR-142

8:39AM 1   find that that is sufficient but not greater than necessary

2   to comply with all the objectives of sentencing set forth in

3   the Sentencing Reform Act.

4           So, therefore, pursuant to the Sentencing Reform

8:39AM 5   Act of 1984, it is the judgment of the Court that you, Edgar

6   Dekay, II, are hereby committed to the Bureau of Prisons for

7   63 months on Count 1 and 60 months on Count 40, with Count 40

8   to run consecutively to Count 1 for a total punishment of 123

9   months in prison.

8:39AM 10          The cost of the incarceration fee is waived.

11          Upon release from prison, you're going to be placed

12   on supervised release for 3 years on each of Counts 1 and 40

13   to run concurrently.

14          You must report to the probation office in the

8:39AM 15   federal judicial district where you are authorized to reside

16   within 72 hours of your release from prison, unless the

17   probation officer instructs you to report to a different

18   probation office or within a different time frame.  While on

19   supervised release, you shall not commit another federal,

8:40AM 20   state or local crime and shall be prohibited from possessing

21   a firearm or other dangerous device.

22          In addition, you shall not possess a controlled

23   substance, shall comply with the standard conditions that

24   have been adopted by this Court and shall comply with the

8:40AM 25   following additional conditions:  Since the instant offense

US v. Dekay – 15-CR-142

8:40AM  1   occurred after September 13, 1994, drug testing is required

2   by the 1994 Crime Control Act.

3           You shall participate in a program for substance

4   abuse including substance abuse testing, such as urinalysis

8:40AM  5   and other testing and shall undergo a drug-alcohol evaluation

6   and treatment, if substance abuse is indicated by the

7   testing.

8           The probation officer will supervise the details of

9   any testing and treatment, including the selection of a

8:41AM  10  treatment provider and schedule.  If inpatient treatment is

11  recommended, however, it must be approved by the Court,

12  unless you consent.  You're not to leave treatment until

13  complete or as ordered by the Court.  While in treatment and

14  after discharge from treatment, you're to abstain from the

8:41AM  15  use of alcohol.  You're required to contribute to the cost of

16  services rendered.

17          You shall cooperate in the collection of a DNA

18  sample as required by the Justice For All Act of 2004.  You

19  shall submit to a search of your person, property, vehicle,

8:41AM  20  place of residence or any other property under your control

21  based upon reasonable suspicion and permit confiscation of

22  any evidence or contraband discovered.

23          You shall participate in a mental health treatment

24  program including a mental health evaluation and any

8:41AM  25  treatment recommended.  I believe that that's appropriate

US v. Dekay – 15-CR-142

8:41AM 1 based on all the information before me, including the

2 information set forth in the presentence investigation

3 report.

4 The probation officer will supervise the details of

8:42AM 5 any testing and treatment and including the selection of a

6 provider and schedule. If inpatient treatment is

7 recommended, however, it must be approved by the Court,

8 unless you consent. You're not to leave such treatment until

9 complete or as ordered by the Court.

8:42AM 10 While in treatment or taking psychotropic

11 medication, you shall abstain from the use of alcohol.

12 You're required to contribute to the cost of services

13 rendered. You're prohibited during your time of supervised

14 release from active membership in any motorcycle club which

8:42AM 15 has been identified by law enforcement as a criminal

16 organization.

17 You shall not pay dues, attend meetings,

18 participate in mandatory runs or wear the clothing, colors,

19 patch or insignia of any such club.

8:42AM 20 Further, you shall not attend social functions

21 sponsored by such clubs, even if the function is open to

22 citizens; in other words, the public.

23 Lastly, you shall not associate with any members of

24 such clubs unless approved by the probation officer for

8:43AM 25 legitimate reasons such as employment or as otherwise

US v. Dekay – 15-CR-142

8:43AM  1   approved by the Court.

2            I find that you do not have the ability to pay a

3   fine and, therefore, any fine in this case is waived.  You do

4   have to pay the mandatory $100 special assessments for each

8:43AM  5   count of conviction.  That's $100 for Count 1 and Count 40

6   for a total of $200.  That's due immediately.

7            While incarcerated, payments shall begin under the

8   Bureau of Prisons Financial Responsibility Program.  Payments

9   shall be made to the Clerk, U.S. District Court, Attention:

8:43AM  10  Finance, U.S. Courthouse, 2 Niagara Square, Buffalo,

11  New York, 14202.

12           You shall forfeit your interest in the

13  property specifically set forth in Section VII of the plea

14  agreement and incorporated herein and pursuant to the plea

8:43AM  15  agreement.

16           Mr. Dekay, you've waived the right to appeal

17  the sentence that I just imposed because it's within the

18  range set forth in the plea agreement.  But if you did want

19  to attempt to pursue an appeal, you would have to file a

8:44AM  20  notice of appeal within 14 days of when the judgment is

21  entered.

22           And if you could not afford to pay the costs

23  of an appeal, you'd have the right to apply to proceed in

24  forma pauperis.

8:44AM  25           I will recommend to the Bureau of Prisons that

US v. Dekay — 15-CR-142

8:44AM  1  Mr. Dekay participate in the RDAP program or such other

2  substance abuse program as deemed appropriate by the Bureau

3  of Prisons.  I will also make a specific recommendation that

4  he receive treatment for his jaw injury, and I don't

8:44AM  5  typically, Mr. Henry, set forth a number of specific

6  facilities.

7          **MR. HENRY:**  Okay.

8          **THE COURT:**  I'll make a recommendation that

9  Mr. Dekay be housed in a facility as close to Buffalo,

8:44AM  10  New York as possible.

11          **MR. HENRY:**  That's fine.

12          **THE COURT:**  Was there any other requests or

13  questions, Mr. Henry.

14          (**WHEREUPON,** a discussion was held off the record.)

8:45AM  15          **MR. HENRY:**  No, Judge, you covered everything.

16          **THE COURT:**  Okay.  Are there counts to dismiss,

17  correct?

18          **MR. TRIPI:**  There are, your Honor.

19          Those would be the open counts as to this defendant

8:45AM  20  of the second superseding indictment:  Counts 2, 10 through

21  16, 39, 45 and 46.

22          **THE COURT:**  All right.  Those counts will be

23  dismissed.

24          **MR. TRIPI:**  Thank you.

8:45AM  25          **THE COURT:**  Officer Murray, anything that I missed

US v. Dekay – 15-CR-142

8:45AM   1   or any questions?

2          **PROBATION OFFICER MURRAY:**  No, your Honor.

3          **THE COURT:**  Good luck to you, Mr. Dekay.

4          **THE DEFENDANT:**  Thank you.

8:45AM   5          **MR. HENRY:**  Thank you, Judge.

6          **THE COURT:**  Thank you.

7          (**WHEREUPON,** proceedings were adjourned.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25